UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 CASE NO: 8:10-cv-580-T-23EAJ

JEFFREY L. GORDON,

    Defendant.

_____/

## **ORDER**

    The United States sues (Doc. 1) Jeffrey L. Gordon to recover on a defaulted student loan. Gordon counterclaims (Doc. 4) for violation of the Florida Consumer Collection Practices Act, Section 559.72, Florida Statutes (the "FCCPA"). Asserting sovereign immunity, the United States moves (Doc. 5) to dismiss the counterclaim, and Gordon responds (Doc. 6) in opposition. With leave of court, the United States replies (Doc. 12) in support of the motion to dismiss.

    The counterclaim alleges that the United States "has, for more than a decade, continued to wrongfully assert that a debt is owed by" Gordon. (Doc. 4, ¶ 1) Gordon alleges that he "has continued to provide, on multiple occasions, written documentation demonstrating a total of $20,800.00 paid by [Gordon] to [the United States] and/or its agents during the period of time from 1989 through September, 1997." (Doc. 4, ¶ 2) The United States allegedly failed "to exercise due diligence and good faith in the administration of its collection activities and in properly crediting payments made by [Gordon] in satisfaction of the subject matter student loans." (Doc. 4, ¶ 4) The United

States has "wrongfully seized [Gordon's] IRS stimulus rebates in excess of the $20,800.00 in payments made directly by [Gordon] to [the United States]." (Doc. 4, ¶ 5) Gordon demands judgment under the FCCPA and 34 C.F.R. 682 and seeks "[d]amages including attorneys fees and costs to the extent allowed by law." (Doc. 4 at 4)

The United States enjoys sovereign immunity from suit unless the United States either consents to the suit or waives sovereign immunity. United States v. Nordic Village, Inc., 503 U.S. 30, 34-35 (1992). Gordon argues that the United States waived sovereign immunity by enacting the Higher Education Act ("HEA"), which provides that Secretary of Education may "sue and be sued" in any court of record of a State having general jurisdiction or in any district court of the United States, and such district courts shall have jurisdiction of civil actions arising under this part without regard to the amount in controversy." 20 U.S.C. § 1082(a)(2). However, the HEA creates no private remedy and fails to waive the United States' immunity from a suit under the FCCPA. "The HEA specifies that the Secretary of Education has the power to carry out the Act's purposes; the Secretary has promulgated numerous and comprehensive regulations that regulate educational institutions' compliance with the HEA; and the statute and legislative history do not otherwise suggest congressional intent to create a private remedy." Labickas v. Arkansas State University, 78 F.3d 333, 334 (8th Cir. 1996). Furthermore, Section 2679(a) of Title 28 provides that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under [the Federal Tort Claims Act], and the

remedies provided by this title in such cases shall be exclusive." The HEA fails to effect a waiver of the United States' sovereign immunity.

Gordon also argues that "[w]here a suit is filed by the United States, countersuits may be filed by the opposing party a) to the extent of the defeating the government's claim; and b) when the counterclaims arises out of the same transaction or occurrence which is the subject matter of the government's suit." (Doc. 6 at 3) Although the United States may waive immunity by initiating an action, Gordon's argument lacks merit.

> "The defendant is either compelled by [Rule 12(a), Federal Rules of Civil Procedure], or permitted by [Rule] 13(b), to counterclaim against the sovereign within the limits to which the sovereign immunity has been given up by the United States by other provisions of law. The waiver can be by statutory consent to be sued or by the institution of the particular action. Our conclusion is that when the sovereign sues it waives immunity as to the claims of the defendant which assert matters in recoupment—arising out of the same transaction or occurrence which is the subject matter of the government's suit, and to the extent of defeating the government's claim but not to the extent of a judgment against the government which is affirmative in the sense of involving relief different in kind or nature to that sought by the government or in the sense of exceeding the amount of the government's claims . . . ."

U.S. v. Timmons, 672 F.2d 1373, 1379-80 (11th Cir. 1982) (quoting Frederick v. United States, 386 F.2d 481, 488 (5th Cir. 1967). Gordon's counterclaim seeks not recoupment but "damages, including attorneys fees and costs" against the United States. Furthermore, Gordon's counterclaim under the FCCPA arises under facts and circumstances distinct from the United States' claim to recover on the student loan. The United States' claim arises from the loan transaction—the United States must establish that Gordon agreed to the indebtedness and that Gordon fails to pay. Gordon's counterclaim arises from the United States' allegedly unlawful attempt to collect the debt.

- 3 -

As Gordon alleges in the counterclaim, the United States "wrongfully seized [Gordon's] IRS stimulus rebates in excess of the $20,800.00 in payments made directly by [Gordon] to [the United States]." (Doc. 4, ¶ 5) Because the counterclaim seeks affirmative relief and arises from a separate transaction from the United States claim, Gordon fails to show that the United States waived immunity by initiating this action.

Finally, Gordon argues that jurisdiction exists under the Tucker Act, 28 U.S.C. § 1491, which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

This argument fails for obvious reasons. The Tucker Act provides jurisdiction over "cases not sounding in tort," and Gordon's FCCPA sounds in tort. See Collection Bureau of Orlando, Inc. v. Continental Cas. Co., 342 So. 2d 1019, 1020 (Fla. 4th DCA 1977) ("In enacting Florida Statutes, Sections 559.72 and 559.77, the legislature has provided a cause of action in debtor harassment situations not previously passed on or specifically recognized by the courts of this state. But this cause of action has been generally identified under the common law and in other jurisdictions as falling within the broad tort classification of invasion of privacy."). Accordingly, the Tucker Act fails to provide jurisdiction over Gordon's FCCPA claim against the United States.

Gordon fails to establish that the United States waived sovereign immunity with respect to Gordon's counterclaim for violation of the FCCPA. See United States v. Moriarty, 2010 WL 1292399 (8th Cir. Apr. 6, 2010) (affirming the district court's dismissal

of a student borrower's counterclaims in the United States' action to collect on the student loan). Accordingly, the United States' motion (Doc. 5) to dismiss is **GRANTED**, and the counterclaim (Doc. 4) is **DISMISSED WITH PREJUDICE**.

ORDERED in Tampa, Florida, on June 30, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE