UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                    Case No.: 8:10-CV-0580-T-23EAJ

JEFFREY L. GORDON,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the court are Defendant's **Motion to Dismiss, Motion for Judgment on the Pleadings or in the Alternative Defendant's Motion for Summary Judgment** (Dkt. 16) and Plaintiff's **Response in Opposition** (Dkt. 23); and Plaintiff's **Motion for Summary Judgment** (Dkt. 14), Defendant's **Brief in Opposition/Response and Incorporated Motion to Strike** (Dkt. 17), and Plaintiff's **Memorandum of Law in Opposition to Defendant's Motion to Strike** (Dkt. 22).[1]

Plaintiff and Defendant sharply disagree on whether Defendant is in default on his student loans. Defendant's motion should be denied because there is no limitations period on Plaintiff's claim. Plaintiff's motion should be denied as there are disputed issues of material fact regarding whether and to what extent Defendant defaulted on the loans.

## I.    Motion to Dismiss

### Plaintiff's Allegations

Plaintiff alleges that Defendant owes Plaintiff a $21,577.04 debt comprised of $10,798.97

---

[1]    The District Judge referred the motions to the undersigned for a report and recommendation (Dkt. 18).

in principal and $10,778.07 in capitalized and accrued interest (Dkt. 1 at 1). According to a "Certificate of Indebtedness" attached to the complaint,[2] between July 1982 and June 1986, Plaintiff executed promissory notes to secure four loans of $2,500.00 each and one loan of $5,000.00 from Brookline Savings Bank, Brookline, Massachusetts (Id. at 3). Between July 1982 and December 1986, the loans were disbursed at 9% interest per annum (Id.). The loans were guaranteed by American Student Assistance and reinsured by the Department of Education ("DOE") "under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682)" (Id.). The holder demanded payment under the notes and ultimately credited $4,742.30 to the loans' outstanding principal (Id.). On August 29, 1997, Defendant defaulted on the loans and the holder filed a claim with the guarantor (Id.). The guarantor paid $10,798.97 to the holder on this claim, and DOE reimbursed the guarantor for that payment (Id.). On October 5, 2004, having unsuccessfully attempted to collect the claim payment from Defendant, the guarantor assigned its rights and titles to the loans to DOE (Id.).

### Standard of Review

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (citation omitted). To survive a motion to dismiss a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal of a complaint is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint,

---

[2] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326

(1989).

## Analysis

Defendant contends that Plaintiff's claim is barred by Florida's statute of limitations period

and any other applicable limitations period because thirteen years have passed since Defendant's

alleged default.  Defendant additionally submits that Plaintiff's claim should be dismissed under the

doctrine of laches.

The Higher Education Technical Amendments of 1991, 105 Stat. 123, "sweepingly

eliminated" the limitations period for suits seeking repayment of various student loans.  Lockhart

v. United States, 546 U.S. 142, 144 (2005).  Specifically, 20 U.S.C. § 1091a's purpose was amended

to "ensure that obligations to repay loans and grant overpayments are enforced without regard to any

Federal or State statutory, regulatory, or administrative limitation on the period within which debts

may be enforced."  20 U.S.C. § 1091a(a)(1).  Thus, the statute provides that:

> Notwithstanding any other provision of statute, regulation, or administrative
> limitation, no limitation shall terminate the period within which suit may be filed, a
> judgment may be enforced, or an offset, garnishment, or other action initiated or
> taken by--
>
> (A) an institution that receives funds under this subchapter and part C of subchapter
> I of chapter 34 of Title 42 that is seeking to collect a refund due from a student on
> a grant made, or work assistance awarded, under this subchapter and part C of
> subchapter I of chapter 34 of Title 42;
>
> (B) a guaranty agency that has an agreement with the Secretary under section
> 1078(c) of this title that is seeking the repayment of the amount due from a borrower
> on a loan made under part B of this subchapter after such guaranty agency
> reimburses the previous holder of the loan for its loss on account of the default of the
> borrower;
>
> (C) an institution that has an agreement with the Secretary pursuant to section 1087c
> or 1087cc(a) of this title that is seeking the repayment of the amount due from a

borrower on a loan made under part C or D of this subchapter after the default of the borrower on such loan; or

(D) the Secretary, the Attorney General, or the administrative head of another Federal agency, as the case may be, for payment of a refund due from a student on a grant made under this subchapter and part C of subchapter I of chapter 34 of Title 42, or for the repayment of the amount due from a borrower on a loan made under this subchapter and part C of subchapter I of chapter 34 of Title 42 that has been assigned to the Secretary under this subchapter and part C of subchapter I of chapter 34 of Title 42.

Id. at § 1091a(a)(2).  In addition to eliminating the limitations period, § 1091a "extends to eliminate the equitable defense of laches." United States v. Lawrence, 276 F.3d 193, 196 (5th Cir. 2001). Moreover, the statute "revive[s] actions to collect unpaid student loans that were barred by the statute of limitations before the enactment of that legislation." United States v. Glockson, 998 F.2d 896, 898 (11th Cir. 1993) (per curiam).

Defendant does not contend that §1091a is inapplicable to the loans at issue in Plaintiff's claim.  Indeed, Defendant does not mention the statute in his motion.  Because Plaintiff's allegations plausibly allege a claim governed by §1091a, Defendant's motion to dismiss should be denied.

**II.**    **Motion for Summary Judgment**

**Motion to Strike**

In support of its motion, Plaintiff relies on the declaration of Alberto Francisco ("Francisco") (Dkt. 14 at 5-6).  Francisco avers that: 1) he is a DOE loan analyst; 2) he reviewed DOE records "pertaining to this case;" and 3) his declaration is "based on those records or on personal knowledge" (Id. at 5).    Defendant moves to strike the affidavit because: 1) it "contains unsupported, unilateral assertions based on an alleged review of records that have neither been identified, nor disclosed, nor furnished to Defendant;" and 2) portions of it are inadmissible because they are "not based on personal  knowledge, fail to contain proper predicate, are hearsay, are

irrelevant, are argumentative, are speculative and are conclusory" (Dkt. 17 at 8-9).  See Fed. R. Civ.

P. 56(e).

In its current form, Francisco's declaration does not satisfy the "business records" exception

to the hearsay rule.  See Fed. R. Evid. 803(6).  He does not state that he is familiar with DOE's

maintenance of student loan records; that he was in custody and control of Defendant's student loan

records; or that the records he reviewed were kept in the course of DOE's regularly conducted

student loan business.[3]  Nonetheless, even inadmissible hearsay can be considered in ruling on a

motion for summary judgment if it "can be reduced to admissible evidence at trial" or "reduced to

admissible form."  Macuba v. Deboer, 193 F.3d 1316, 1322-23 (11th Cir. 1999).  Francisco's ability

to authenticate the declaration is not in serious doubt, and it would be admissible once properly

authenticated.  See Lawrence, 276 F.3d at 196; United States v. Petroff-Kline, 557 F.3d 285, 292

(6th Cir. 2009).  Consequently, Francisco's declaration should be considered in resolving Plaintiff's

summary judgment motion.   See, e.g., Davis v. Houston County, Ala. Bd. of Educ., No.

1:06-cv-953-MEF, 2008 WL 410619, at *3 (M.D. Ala. Feb. 13, 2008) (considering unauthenticated

medical record).[4]

**Statement of Facts**

Between 1982 and 1986, Plaintiff signed promissory notes for five student loans, four of

$2,500.00 and one of $5,000.00 (Dkt. 14 at 7-16).  Each promissory note was guaranteed by the

Massachusetts Higher Education Assistance Corporation and indicated that Brookline Savings Bank,

---

[3] Plaintiff makes such assertions in its response to the motion to strike, however, it is for Francisco to testify as to such matters.

[4] For the same reasons, the "Certificate of Indebtedness" will be considered as well.

5

Brookline, Massachusetts was the lender (Id.).  The annual percentage rate for each loan was 9.00

percent (Id.).  The loans were guaranteed by American Student Assistance and reinsured by DOE

under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as

amended, 20 U.S.C. § 1071 et seq. (Dkt. 1 at 3; Dkt. 14 at 5-6).

Brookline Savings Bank deferred repayment of the loans until 1989 because Defendant was

attending school full time (Dkt. 17 Ex. 1 at 2).  Between September 1989 and September 1997,

Defendant made regular (usually monthly) payments to Educational Loan Services, Inc. ("ELSI");

Tulane University/National Direct Student Loan Services ("Tulane/NDSL"); Educational Loan

Services Corporation ("ELSC"); and USA Group Loan Services ("USA Group") (Id. at 2-3).  By

September 1997, Defendant had paid these entities a total of $19,112.82 (Id. at 3).[5]

The loans' holder ultimately credited $4,742.30 toward outstanding principal (Dkt. 1 at 3;

Dkt. 14 at 5-6).  The holder filed a claim with the guarantor, which paid $10,798.97 on the claim and

obtained reimbursement of this payment from DOE (Dkt. 1 at 3; Dkt. 14 at 5-6).  On October 5,

2004, after unsuccessfully attempting to collect this amount from Defendant, the guarantor assigned

its rights and titles to the loans to DOE (Dkt. 1 at 3; Dkt. 14 at 5-6).  DOE did not credit any

payments toward the loans between October 5, 2004 and July 7, 2010, at which time the outstanding

balance was $21,993.12, comprised of $10,798.97 in principal and $11,134.15 in interest (Dkt. 1 at

3; Dkt. 14 at 5-6).

## Standard of Review

---

[5] Attached to Defendant's affidavit is a handwritten ledger documenting the dates and check numbers of payments regularly sent to ELSI, Tulane/NDSL, ELSC, and USA Group from September 1990 to September 1997 (Dkt. 17 Ex. 1-4).  A computerized spreadsheet recounts these payments as well as payments sent to ELSI and Tulane/NDSL from September 1989 to August 1990 (Dkt. 17 Ex. 5).

A claimant or defendant is entitled to summary judgment where "the pleadings, the discovery

and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(c)(2). In considering these materials, courts generally must "view the facts and draw reasonable

inferences in the light most favorable to the party opposing the [summary judgment] motion." Scott

v. Harris, 550 U.S. 372, 378 (2007) (citation and internal quotation marks omitted) (alteration in

original).  However, facts need not be viewed in the light most favorable to the nonmoving party

where a dispute over those facts is not "genuine."  Id. at 380.  "When opposing parties tell two

different stories, one of which is blatantly contradicted by the record, so that no reasonable jury

could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion

for summary judgment." Id.

## Analysis

"To recover on a promissory note, the government must show (1) the defendant signed it,

(2) the government is the present owner or holder, and (3) the note is in default." Lawrence, 276

F.3d at 197 (citation omitted). Plaintiff submits there is no genuine issue of material fact as to any

of these elements, however, Defendant disputes whether the loans are in default.[6]

Because only $4,742.30 was applied toward the loans' principal despite Defendant's

payments totaling $19,112.82, there is a genuine issue of material fact as to whether the loans are

in default.  The present evidence of record does not establish without dispute: 1) which, if any,

payments to ELSI, Tulane/NDSL, ELSC, or USA Group should have been credited toward the loans

---

[6] Although Defendant questions Plaintiff's "standing" to bring its claim, Defendant identifies no evidence suggesting that Plaintiff is not the present owner or holder of the promissory notes underlying the loans.

7

but were not; 2) whether interest accrued or capitalized before Defendant began making payments; and 3) whether the payments fully satisfied the loans' principal as well as any capitalized and accrued interest.  Therefore, Plaintiff's request for summary judgment should be denied.

<u>**Conclusion**</u>

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     Defendant's Motion to Dismiss, Motion for Judgment on the Pleadings or in the Alternative Defendant's Motion for Summary Judgment (Dkt. 16) be **DENIED**; and

(2)     Plaintiff's Motion for Summary Judgment (Dkt. 14) be **DENIED**.


**Date:   October 15, 2010**

ELIZABETH A JENKINS
United States Magistrate Judge


<u>**NOTICE TO PARTIES**</u>

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  <u>See</u> 28 U.S.C. § 636(b)(1).


Copies to:
Counsel of Record
District Judge